IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JAMES F. POINT, #74879, | ) Civil Action No. 3:11-1474-MGL-JRM |
| Plaintiff, | ) |
| vs. | ) |
| WILLIAM BYARS, SCDC DIRECTOR; ANTHONY PADULA, WARDEN LEE C.I.; JOHN J. BROOKS, JR., ASSOCIATE WARDEN LEE C.I.; ANNA MOAK, SCDC HEADQUARTERS HEALTH SERVICES; DR. MOORE, SCDC HEADQUARTERS HEALTH SERVICES DIRECTOR, | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

The pro se Plaintiff, James F. Point, filed this action on June 16, 2011.[1] He appears to allege claims pursuant to 42 U.S.C. § 1983 concerning his medical care. At the time Plaintiff filed this action, he was an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections. Defendants filed a motion for summary judgment on November 5, 2012. Plaintiff, because he is proceeding pro se, was advised on November 6, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. On December 14, 2012, the undersigned granted Plaintiff's motion to extend the time to respond to the motion for summary judgment until January 10, 2013. Plaintiff has not filed a response to Defendants' motion for summary judgment.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) DSC. Because these are dispositive motions, the report and recommendation is entered for review by the court.

On January 3, 2013, Defendants filed a suggestion of death as to Plaintiff. ECF No. 64. They suggest that Plaintiff died on or about December 24, 2012, and that on information and belief Plaintiff is survived by his next of kin and/or successor James Point (Plaintiff's son).

Rule 25 provides, in part:

(a) Death.

> (1) ***Substitution if the Claim Is Not Extinguished.*** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> *****
>
> (3) ***Service.*** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25. James F. Point, Jr., Plaintiff's son, was personally served (see Fed. R. Civ. P. 4(e)) with the suggestion of death notice on January 4, 2013. ECF No. 65.

On April 19, 2013, Defendants filed a motion to dismiss pursuant to Federal Rule 25(a)(1). A Roseboro order was entered on April 11, 2013, and mailed to Plaintiff and to James Point, Jr. No response was filed. Defendants contend that their motion to dismiss should be granted for the failure of Plaintiff's next of kin and/or successor to file a motion to substitute the proper party within the proscribed ninety-day period.

As noted above, Plaintiff did not file a response to Defendants' motion for summary judgment. No response to Defendants' motion to dismiss was filed. More than 90 days have passed since Defendants filed the notice suggesting Plaintiff's death and no motion for substitution has been

2

filed.  It is, therefore, recommended that Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 25(a)(1) be granted.  It is also recommended that Defendants' motion for summary judgment (ECF No. 56) be denied as moot.[2]

Joseph R. McCrorey
United States Magistrate Judge

May 30, 2013
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[2] Alternatively, it is recommended that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).