IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James F. Point,     #74879, | ) | Civil Action No.: 3:11-1474-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| William Byars, SCDC Director; Anthony Padula, Warden Lee C.I.; John J. Brooks, Jr., Associate Warden Lee C.I.; Anna Moak, SCDC Headquarters Health Services; Dr. Moore, SCDC Headquarters Health Services Director, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff James F. Point ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on June 16, 2011, alleging violations of his constitutional rights. (ECF No. 1.) This matter is now before the court upon the Magistrate Judge's Report and Recommendation filed on May 30, 2013, recommending this case be dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure on the grounds that because Defendants filed a suggestion of death as to Plaintiff, suggesting that Plaintiff died on or about December 24, 2012, Plaintiff's son, who was personally served with the suggestion of death notice, has failed to file a motion to substitute proper party within the proscribed ninety-day period. (ECF No. 73.)

On December 14, 2012, Plaintiff was granted an extension of time to respond to the motion for summary judgment filed by Defendants on November 2, 2012. He was given until January 10, 2013, to file his response, but it appears that Plaintiff died prior to filing a response. After filing the Suggestion of Death (ECF No. 64) as to James F. Point on January 3, 2013, and serving his son, James F. Point, Jr. (ECF No. 65), on January 4, 2013, the Defendants filed a Motion to Dismiss for failing to substitute party after death of Plaintiff on April 9, 2013. (ECF No. 68.) No response was

filed.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff's next of kin, his son, James F. Point, Jr., was advised of his right to file objections to the Report and Recommendation. (ECF No. 73 at 4.) However, he has not done so and objections were due on June 17, 2013. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
June 28, 2013